UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE ESTRADA, :
:
    Petitioner :
:
  v. : CIVIL NO. 4:CV-06-245
:
TROY WILLIAMSON, :
: (Judge McClure)
:
    Respondent :

## MEMORANDUM AND ORDER

June 13, 2006

**Background**

    George Estrada ("Petitioner"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), initiated this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241.  Named as sole Respondent is USP-Allenwood Warden Troy Williamson.  Service of the petition was previously ordered.

    Estrada states that while incarcerated at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood") on March 22, 2005, he was issued an incident report.  Specifically, the Petitioner was charged with insolence towards a staff member and threatening another with bodily injury or any other offense.  Petitioner states that on the above date he approached Unit Manager Levi in

the prison's dining hall during the noon meal and asked why his prison job had been changed. Estrada admits that during the ensuing conversation, his tone of voice became "loud and boisterous" and that each time he yelled he stepped towards Levi. See Record document no. 1, p. 3. According to the petition, other staff members intervened and when Estrada failed to comply with orders to settle down, he was escorted from the dining hall and taken to the Special Housing Unit ("SHU").

Levi then prepared an incident report setting forth the above described charges. Later that same day, Lieutenant Farmer initiated an investigation into the incident which included interviews with Estrada and an eyewitness, Lieutenant Litchard. Upon conclusion of the investigation, Farmer prepared a written report which concluded that Petitioner's actions could have been interpreted as a threat. A Unit Disciplinary Committee ("UDC") hearing was convened on March 30, 2005. The UDC referred the charges to the Disciplinary Hearing Officer ("DHO") for further proceedings.

A disciplinary hearing before DHO K. Bittenbender was convened on April 7, 2005. DHO Bittenbender determined that upon consideration of Petitioner's size, mannerisms, movements, and tone of voice during the incident, it was proper to interpret prisoner's actions as constituting a threat. As a result, he found Estrada guilty of both charges and sanctioned him to a thirty (30) day term of disciplinary segregation, a one (1) year loss of telephone and visiting privileges, a twenty-one (21) day loss of good conduct time and a sixty (60) day loss of non-vested good conduct time.

Petitioner's present action asserts that Bureau of Prison ("BOP") regulations fail to specify what type of conduct constitutes threatening another with bodily harm or any other offense.  Second, Estrada contends that the underlying facts do not support DHO Bittenbender's arbitrary determination that he threatened Unit Manager Levi because there was no communicated intent to injure.  The Petitioner also maintains that his due process rights were violated because a UDC hearing was not held within the time period authorized under BOP regulations.

**Discussion**

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison.  Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

The alleged unconstitutional actions taken by federal prison officials occurred with regards to institutional disciplinary proceedings.  Since those proceedings resulted in the forfeiture of good time credits which extended the length of Estrada's incarceration, his present claims are properly raised before this Court.

**Disciplinary Hearing**

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property,

without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. Meachum v. Fano, 427 U.S. 215, 223-26 (1976).

In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due process protections in a prison disciplinary proceeding. The Supreme Court recognized in Wolff that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Court held that a prisoner facing serious institutional sanctions such as a loss of good time credits is entitled to some procedural protection before penalties can be imposed. Id. at 563-71.

Wolff set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2)

4

twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal. The Court of Appeals for the Third Circuit in Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992), thereafter recognized that the above due process requirements must be satisfied in a prison disciplinary hearing.

In Sandin v. Conner, 515 U.S. 472, 480-84 (1995), the United States Supreme Court reiterated that the Wolff due process safeguards must be provided when, as in the instant case, the challenged disciplinary proceeding results in a loss of good time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); Von Kahl, 855 F. Supp. at 1417. In conclusion, since Estrada was sanctioned to a loss of good time credits, his allegations relating to his underlying disciplinary proceeding will be reviewed under the Wolff and Hill standards.

Petitioner claims that the DHO Bittenbender's decision that he made a threat

constituted a due process violation because there was no communicated threat to injure Unit Manager Levi.  <u>Wolff</u> requires in part that an inmate accused of a disciplinary infraction be provided with twenty four (24) hour advance written notice of the charges against him.  Estrada raises no claim that the advance notice mandate of <u>Wolff</u> was violated.  This Court's independent review of the record also confirms that Petitioner received proper advance written notice of the charges against him.  There is also no contention or basis in the record establishing that the fact finder, DHO Bittenbender, failed to issue a written decision.  On the contrary, a copy of Bittenbender's decision has been submitted by the Respondent.  <u>See</u>  Record document no. 6, Exhibit 1, Attachment E,  p. 18.  Consequently, both of those <u>Wolff</u> procedural safeguards were satisfied.

     Petitioner also does not contend that he requested but was denied assistance from an inmate representative.[1]  He also makes no claim that he was denied the opportunity to present witnesses or documentary evidence.  Accordingly, a discussion as to whether those <u>Wolff</u>  procedural prongs were satisfied is also not warranted.

     The remaining <u>Wolff</u> safeguards require the factfinder to issue a written decision outlining the evidence relied upon and the rationale behind the disciplinary action. <u>Wolff</u> also requires that an inmate must be afforded the opportunity to appear before an impartial decision maker.  Petitioner does not claim that DHO Bittenbender was

---

[1]   The undisputed record indicates that although Petitioner initially requested staff representation, he later changed his mind and declined representation.

biased. His present due process claim is best described as a challenge to the DHO's determination that a threat was made.[2]

It is undisputed that Estrada initiated a verbal confrontation in a loud and boisterous tone with Unit Manager Levi. Petitioner also admits that each time he yelled he stepped towards Levi. DHO Bittenbender concluded that the Petitioner's physical size, loud tone of voicing his displeasure, mannerisms, and his continuous approach towards Levi posed a threat to her safety.

A federal court has no duty to independently assess the witnesses' credibility or weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 264 (6th Cir. 1988). The court in Hensley added that a disciplinary tribunal's failure to explain why alibi testimony was not found credible did not constitute a due process violation. See id. at 278. The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979). Certainly, in light of the Petitioner's admitted conduct of loud boisterous yelling accompanied by a continuous approach towards Levi, the totality of Estrada's conduct provided a sufficient factual basis for the DHO Bittenbender's determination that Estrada engaged in threatening behavior directed

---

[2] The Court notes that Petitioner was charged with threatening another with bodily harm. Clearly, as noted by Respondent, threats may either be verbal, non-verbal, or a combination of both.

towards the Unit Manager.  Based on the foregoing discussion, this Court is satisfied that the proceedings before the DHO satisfied Estrada's federal due process rights.

**UDC Hearing**

Under BOP regulations, prison staff shall provide an inmate with a written copy of the charges levied against him "ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident."  See 28 C.F.R. Section 541.15. Following the issuance of the incident report, a prompt investigation must be undertaken. 541.14(b). Section 541.14 also directs that the investigating officer should "thoroughly investigate the incident."

Once the investigation is concluded, the incident report is referred to the UDC for an initial hearing "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident.  This three day work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays."  Id. at § 541.15(b).  Furthermore, the UDC "may extend time limits imposed in this section for a good cause shown by the inmate or staff and documented in the record of the hearing."  Id. at (k).

Petitioner argues that he was denied due process because he was not afforded a UDC hearing until six (6) days after the incident report was written.  He adds that there was no indication that the Warden approved an extension of time in which to convene the UDC hearing.

It is initially noted that absent a showing of prejudice, a  technical violation of

8

Bureau of Prison ("BOP") regulations does not automatically require that a disciplinary sanction must be vacated and remanded. Von Kahl v. Brennan, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994)(in a federal inmate disciplinary proceeding "where the minimal requirements of due process have been met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated" in order to obtain habeas relief).

As previously noted, the underlying incident occurred on Tuesday, March 22, 2005, the incident report was issued that same day and the UDC hearing was held on Wednesday, March 30, 2005. Under §541.15(b), the UDC hearing should have been held by Friday, March 25, 2005. Thus, the issue is whether the three (3) day delay (excluding the weekend of March 26-27, 2005) in convening the UDC hearing constituted a due process violation which would entitle Estrada to federal habeas corpus relief.

§541.15(b) states only that a UDC hearing should "ordinarily" be held withing three (3) working days. The statute adds that this time period may be extended by the UDC for good cause. In Rashid v. Yates, 2005 WL 1277825 *3 (M.D. Pa. May 26, 2005), Judge Rambo of this Court noted that the time limitation of § 542.15(b) is not imposed by Wolff. Recently, Judge Caldwell of this Court in Thibodeau v. Watts, 2006 WL 89213 *4 (M.D. Pa. Jan. 11, 2006), stated that a four (4) day delay in conducting a UDC hearing "[e]ven if the UDC had not obtained an enlargement of time from the Warden to conduct the hearing ... does not automatically equate to a violation

of Thibodeau's Due Process rights."  Id.

It is undisputed that the issuance of Lieutenant Farmer's investigation report was delayed, thus delaying the UDC hearing.  See Record document no. 1, p. 4.  The Respondent has also presented evidence that the Warden did in fact approve a request for an enlargement of time in which to conduct the UDC hearing.  See Record document no. 6, Exhibit 1, Attachment C, p. 13.  An application of § 541.15(b), Rashid, Thibodeau and Von Kahl, especially in light of Estrada's failure to establish any resulting prejudice, establishes that there is no basis for the finding of a due process violation based on the short term delay in conducting the UDC hearing.  Consequently,

**IT IS HEREBY ORDERED:**

    1.    The petition for writ of habeas corpus is denied.

    2.    The Clerk of Court is directed to close the case.

    3.    Based on the court's decision herein, there is no basis for the issuance of a certificate of appealability.

    s/James F. McClure, Jr.
    JAMES F. McCLURE, JR.
    United States District Judge